# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |
|---|---|
| SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL NO. 73, | )<br>)<br>) |
| and | ) Case No.:<br>)<br>) |
| THE TRUSTEES of the SHEET METAL WORKERS LOCAL NO. 73 PENSION FUND, SHEET METAL WORKERS LOCAL NO. 73 WELFARE FUND; and SHEET METAL WORKERS LOCAL NO. 73 ANNUITY FUND, | ) Judge:<br>)<br>)<br>) Magistrate Judge:<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| NOBLE AIR, LLC and GREG SHOWAN, Individually, | )<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

Plaintiffs, SHEET METAL WORKERS LOCAL NO. 73 (hereinafter "Plaintiff Union") and THE TRUSTEES of the SHEET METAL WORKERS LOCAL NO. 73 PENSION FUND, SHEET METAL WORKERS LOCAL NO. 73 WELFARE FUND and SHEET METAL WORKERS LOCAL NO. 73 ANNUITY FUND (collectively "Plaintiff Funds") by and through their attorneys at Gregorio & Marco, Ltd., bring the following action against NOBLE AIR, LLC, an Illinois Limited Liability Corporation and GREG SHOWAN, individually (collectively "Defendants"). In support, the Plaintiffs state as follows:

1

**Count I (Contribution Reports)**

1.  This action arises under Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132 *et seq.* (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act, 29 U.S.C. §185. Jurisdiction is founded on the existence of questions arising thereunder.

2.  The Plaintiff Funds are multiemployer plans as defined under 29 U.S.C. § 1002. Their principal offices are located at 4550 Roosevelt Road, Hillside, Illinois, within the Northern District of Illinois.

3.  The Defendant Noble Air, LLC ("Noble Air") is an employer engaged in the sheet metal industry. Its principle office is located at 6652 W. 88th Street, Oak Law, Illinois, and is within the Northern District of Illinois.

4.  The Plaintiff Funds receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Plaintiff Union.

5.  On December 11, 2007, Noble Air executed a Supplemental Agreement (hereinafter "Agreement") with the Sheet Metal Workers' Union, Local No. 73 and other documents acknowledging receipt of a Collective Bargaining Agreement (hereinafter "CBA") and acknowledging the Agreement and Declaration of Trust, true and correct copies of which are attached hereto as **Exhibit A**. By its terms, the Supplemental Agreement between Noble Air and the Union adopted the terms of the CBA. The CBA binds Noble Air to the terms of the Trust Agreements which created the Plaintiff Funds.

6.  The CBA requires Noble Air to contribute to the Plaintiff Funds and binds Dynamic Air to the plan's governing documents, including the Trust Agreement. The Trust Agreement requires the Noble Air to submit monthly reports listing the hours worked by its

bargaining unit employees (hereinafter referred to as "monthly contribution reports"). Noble Air is also required to make concurrent payment of contributions to the Plaintiff Funds based upon the hours worked by said employees.

7. Noble Air has breached its obligations under the Trust Agreement and the CBA by failing to pay monthly contributions for the months of October 2019 through the present.

8. Plaintiffs have requested that Noble Air become current and perform its obligations listed above, but Defendant has failed and refused to so perform.

9. As an employer obligated to make fringe benefit contributions to the Funds, Noble Air is specifically obligated to compensate Plaintiffs for the additional administrative costs and burdens imposed by Noble Air's failure to submit reports or pay contributions, by paying liquidated damages on the whole amount of any contributions remaining unpaid, together with interest, as provided in 29 U.S.C. §1132(g)(2)(B).

10. As an employer obligated to make fringe benefit contributions to the Funds, Noble Air is specifically obligated to pay Plaintiff's reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to recover delinquent contributions, as provided in 29 U.S.C. §1132(g)(2)(D).

11. Pursuant to 29 U.S.C. §1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of a) double interest on the unpaid contributions or b) interest plus liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount due.

WHEREFORE, Plaintiffs pray:
    A. That the Defendant, Noble Air, LLC be ordered to submit the reports and all contributions shown to be due for the time period of October 2019 to the present pursuant 29 U.S.C. §§1132(g)(A), 1145;
    B. That Noble Air, LLC be ordered to pay interest on any contributions found to be

3

due from the reports referenced in Count I pursuant to 29 U.S.C. §1132(g)(2)(B);

C. That Noble Air, LLC be ordered to pay liquidated damages on any delinquent contributions found to be due from the reports referenced in Count I pursuant to 29 U.S.C. §1132(g)(2)(C);

D. That Noble Air, LLC be ordered to pay the late assessments found to be due from the reports referenced in Count I pursuant to 29 U.S.C. §1145.

E. That Noble Air, LLC be ordered to pay the reasonable attorney fees and costs incurred by the Plaintiffs referenced in Count I pursuant to 29 U.S.C. §1132(g)(2)(D);

F. That Plaintiffs be granted such other relief as the Court deems just and equitable.

## COUNT II – Noble Air, LLC – (Breach of Contract)

12. The Plaintiffs re-allege its' allegations in paragraphs 1-11 of Count I of the complaint.

13. This action arises under the Court's Supplemental Jurisdiction, pursuant to 28 U.S. Code § 1367(a) as the Court has original jurisdiction of Count I and the claims in Count II are so related to the Claims in Count I that they form part of the same case and controversy.

14. The Defendant, Noble Air, entered into a Settlement Agreement & Payment Plan, hereafter ("Agreement"), with the Plaintiffs. A true and correct copy of the Agreement is attached as **Exhibit B**.

15. Pursuant to the terms of the Agreement, defendant Noble Air was required to remit certain fringe benefit contributions, interest, liquidated damages, and fees to the Plaintiffs pursuant to a payment schedule.

4

16. The defendant, Noble Air breached the provisions of the Agreement by failing to pay amounts due under the Agreement. Noble Air was given notice of the default and failed to cure the default within the timeframe required.

17. As of the date of this complaint, Noble Air has not cured the delinquency.

18. Since Noble Air is in default of the Settlement Agreement, the remaining balance is immediately due and owing.

19. Noble Air agreed to pay the Plaintiffs' attorneys' fees and costs in enforcing the Settlement Agreement. (**Exhibit B** ¶6).

WHEREFORE, Plaintiffs pray as follows:

    A. Defendant, Noble Air be ordered to pay the remaining balance owed under the settlement agreement.

    B. That Plaintiffs be awarded their reasonable attorneys' fees.

    C. That Plaintiffs be granted such other relief as the Court deems just and equitable.

### **COUNT III – Greg Showan – (Breach of Contract)**

20. The Plaintiffs re-allege its' allegations in paragraphs 1-19 of Count I and Count II of the complaint.

21. This action arises under the Court's Supplemental Jurisdiction, pursuant to 28 U.S. Code § 1367(a) as the Court has original jurisdiction of Count I and the claims in Count III are so related to the Claims in Count I that they form part of the same case and controversy.

22. The Defendant, Greg Showan is an individual residing in the County of Cook, Illinois, who entered into a Settlement Agreement & Payment Plan, hereafter ("Agreement"), with the Plaintiffs. A true and correct copy of the Agreement is attached as **Exhibit B**.

23. Pursuant to the terms of the Agreement, defendant Noble Air, LLC was required to remit certain fringe benefit contributions, interest, liquidated damages, and fees to the Plaintiffs pursuant to a payment schedule.

24. Pursuant to the Agreement at Paragraph 9, the defendant Greg Showan agreed to be personally liable, individually and/or jointly liable for all amounts owed under the Agreement should Noble Air, LLC default on the Agreement.

25. The defendant, Noble Air, LLC breached the provisions of the Agreement by failing to pay amounts due under the Agreement. Noble Air, LLC was given notice of the default and failed to cure the default within the timeframe required.

26. As a result of the default, the Defendant, Greg Showan, is personally liable to the Plaintiffs for the balance of the amount owed under the Agreement, plus interest, attorney's fees and costs.

WHEREFORE, Plaintiffs pray:

A. That Greg Showan be ordered to pay the balance of the Agreement;

B. That Greg Showan be ordered to pay all attorney fees and costs incurred by the Plaintiffs.

C. That the Greg Showan be ordered to pay interest owed under the balance of the Agreement.

D. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

                Respectfully submitted,
                **Sheet Metal Workers International Association, Local No. 73, et.al.**

                BY: /s/ Michael J. McGuire
                     One of their attorneys

Michael J. McGuire
ARDC#: 6290180
Gregorio ♦ Marco, Ltd.
Attorney for Plaintiffs
2 North LaSalle Street
Chicago, IL 60602
(312) 263-2343